In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-12-00607-CV
_____

IN RE COMMITMENT OF RONALD KEITH MITCHELL

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-03-02628 CV

**MEMORANDUM OPINION**

The State filed a petition seeking the involuntary civil commitment of Ronald Keith Mitchell as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012) (the SVP statute). A jury found Mitchell suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id.* § 841.003(a)(2) (West 2010). The trial court signed an order of commitment, and Mitchell filed this appeal from the final judgment.

## THE CONVICTIONS

Mitchell was charged with aggravated sexual abuse and attempted capital murder. The State abandoned the aggravated sexual abuse count and proceeded to trial on the attempted capital murder, which was based on sexually motivated conduct and constituted a sexually violent offense. In 1983, a jury found Mitchell guilty of the offense and assessed punishment at fifty years of confinement. In 1992, while he was on parole, he pleaded guilty to sexual assault and received a twenty-year sentence. He received sexual misconduct disciplinaries while he was incarcerated.

## THE STATUTE

The State was required to prove beyond a reasonable doubt that Mitchell is a sexually violent predator. *See id.* § 841.062(a) (West 2010). The statute defines "sexually violent predator" as a person who "(1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." *Id.* § 841.003(a). A "behavioral abnormality" is a "congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2012).

## EXPERT TESTIMONY

In his first issue, Mitchell argues the trial court erred in denying Mitchell's motions to strike the testimony of the State's expert witnesses. He argues that their respective methodologies were flawed. The trial court denied the motions.

We review a trial court's decision concerning the admissibility of evidence for an abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if it acts arbitrarily and unreasonably. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We will reverse a judgment if an error by the trial court probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal. *See* Tex. R. App. P. 44.1(a). In assessing the reliability of an expert's opinion in fields of social science, we have considered whether the field of expertise is a legitimate one, whether the subject matter of the expert's testimony is within the scope of that field, and whether the expert's testimony properly relies upon the principles involved in that field of study. *See In re Commitment of Polk*, No. 09-10-00127-CV, 2011 WL 662928, at *4 (Tex. App.—Beaumont Feb. 24, 2011, pet. denied) (mem. op.).

3

Dr. Timothy Proctor, a forensic psychologist, testified for the State. When performing a forensic evaluation, Proctor reviews records pertaining to the person he is evaluating, attempts to interview him, and scores psychological instruments. Proctor interviewed Mitchell and reviewed criminal records, medical records, court records, prison records, depositions, and evaluations pertaining to Mitchell. Proctor explained that his methodology for determining whether a person suffers from a behavioral abnormality is the same methodology followed by other experts performing the same types of evaluations in this field. He testified that the actuarial tests he uses have been peer reviewed and are generally accepted as valid by forensic psychologists for use in these types of evaluations. On cross-examination, Proctor explained that there is no way to study the rate of error with respect to these types of evaluations.

Based on Proctor's review of Mitchell's records and his interview of Mitchell, Proctor diagnosed Mitchell with "[p]araphilia not otherwise specified; rule-out sexual sadism; alcohol abuse; rule-out alcohol dependence in sustained full remission in a controlled environment; cannabis abuse; rule-out cannabis dependence in sustained full remission in a controlled environment; [and] antisocial personality disorder." He concluded Mitchell suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

4

Dr. David Self, a forensic psychiatrist, also testified for the State. In determining whether Mitchell has a behavioral abnormality, Self employed a methodology similar to that used by Dr. Proctor, but without the scoring of actuarials. Self indicated that the methodology he employed is followed by other experts in the field and that the records he relied on are the same types of records relied on by experts in his field performing these types of evaluations. He explained that his interview of Mitchell was done in accordance with the accepted standards in forensic psychiatry. Self testified that the evaluative method he uses has been tested (although not subjected to a controlled research group), and that it is an accepted method in his field for these types of evaluations.

Self diagnosed Mitchell with paraphilia, sexual deviance, antisocial personality disorder, rule-out exhibitionism, and "alcohol and marijuana, polysubstance abuse in sustained institutional remission." Based on his education, training, and experience, Self concluded Mitchell suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

The experts each testified regarding their training, experience, credentials, and methodology used in evaluating Mitchell. They explained that their methodologies are accepted methods in their respective fields for conducting behavioral abnormality assessments. The trial court did not abuse its discretion in

allowing the expert testimony. *See In re Commitment of Hill*, No. 09-11-00593-CV, 2013 WL 772834, at \*7 (Tex. App.—Beaumont Feb. 28, 2013, pet. denied) (mem. op.). Issue one is overruled.

DETAILS OF PRIOR CRIMINAL OFFENSES

In his second issue, Mitchell contends the trial court erred in overruling Mitchell's running Rule 705(d) objection to the underlying facts or data. *See* Tex. R. Evid. 705(d). In issue three, Mitchell maintains the trial court erred by overruling Mitchell's "objections that the State's attorney was arguing the substantive value of the underlying facts or data" despite the "trial court's limiting instruction[.]" He argues that the trial court's rulings resulted in an improper judgment.

Rule 705(a) of the Texas Rules of Evidence provides that an expert may disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data on which the expert bases an opinion. Tex. R. Evid. 705(a); *Boswell v. Brazos Elec. Power Coop., Inc.*, 910 S.W.2d 593, 602 (Tex. App.—Fort Worth 1995, writ denied). Rule 705(d) provides:

> When the underlying facts or data would be inadmissible in evidence, the court shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial. If otherwise

inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request.

Tex. R. Evid. 705(d); *see In re Commitment of Day*, 342 S.W.3d 193, 198-99 (Tex. App.—Beaumont 2011, pet. denied).

Mitchell concedes that under Rule 705(a), experts may disclose the probative underlying facts or data relied on in forming their opinions. He argues that under Rule 705(d) the trial court should have excluded some of the prejudicial underlying facts and data.

It was within the trial court's discretion to admit the underlying facts or data on which Proctor and Self based their opinions, and the trial court could have reasonably concluded that the evidence would aid the jury in understanding how the State's experts formed their opinions regarding Mitchell's behavioral abnormality. *See* Tex. R. Evid. 705(a); *Boswell*, 910 S.W.2d at 602. Both Proctor and Self presented the facts they considered in forming their opinions, and each explained how the details of Mitchell's offenses influenced those opinions regarding the ultimate issue in the case. The trial court did not abuse its discretion in allowing the State's experts to explain the offense details that were contained in the records they reviewed. *See In re Commitment of Day*, 342 S.W.3d at 198-99. The trial court gave a limiting instruction explaining that the evidence was admitted for the purpose of showing the basis of the expert's opinions, and the

7

limiting instruction was included in the jury charge. We presume the jury followed the instruction. *Id.* The issues raised do not support a reversal of the trial court's judgment. *See* Tex. R. App. P. 44.1(a)(1). Issues two and three are overruled. The trial court's judgment is affirmed.

     AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on September 30, 2013
Opinion Delivered October 17, 2013

Before McKeithen, C.J., Gaultney and Kreger, JJ.